JACQUELINE O'DELL, ADMINISTRATRIX OF THE ESTATE OF DOYLE O'DELL *v.* STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, FREEMAN V. DULIN AND CHICAGO MOTOR MART, INC., AN ILLINOIS CORPORATION.

[No. 3-1075A226. Filed May 16, 1977. Rehearing denied June 28, 1977. Transfer denied September 6, 1977.]

*Saul I. Ruman,* of Hammond, for appellant.

*Winfield L. Houran, Clifford, Hoeppner, Houran & Wagner,* of counsel, of Valparaiso, *Edmond J. Leeney, Patrick J. Galvin, Galvin, Galvin & Leeney,* of counsel, of Hammond, for appellee State Farm Mutual.

HOFFMAN, J.—Jacqueline O'Dell in her capacity as administratrix of the estate of Doyle O'Dell brought an action for the wrongful death of her husband against State Farm Mutual

Automobile Insurance Company (State Farm), Freeman V. Dulin and Chicago Motor Mart, Inc. After an entry of summary judgment on her complaint, O'Dell perfected this appeal as to State Farm in an attempt to secure relief through the uninsured motorist provision of her automobile coverage. The issue raised by O'Dell concerns whether the trial court erred in finding as a matter of law that the Workmen's Compensation Act, IC 1971, 22-3-2-1, *et seq.* (Burns Code Ed.), provides her with the sole and exclusive remedy for the loss of her husband thereby precluding her attempted recovery in the instant case.

The record reveals from various pleadings and admissions certain uncontested facts which frame the issues on appeal.

At the time of the accident United States Steel Corporation in Gary, Indiana, maintained a thoroughfare from its gate at Buchanan Street to an employee parking lot near the mill. This three-lane private road apparently altered the direction of traffic in certain lanes during peaking demand periods when the work shifts changed. At about 11:20 P.M. on February 29, 1972, appellant's husband was driving his truck home after having just completed his scheduled workday. Simultaneously Freeman V. Dulin, a co-employee at the mill, who was going to commence his work shift, entered at the Buchanan Street gate. Thereupon, the two met on the company thoroughfare in a head-on collision which resulted in the death of Doyle O'Dell.

Apparently Dulin was an uninsured motorist. However O'Dell and his wife were insured through their State Farm policy under its uninsured motorist protection. Thus the insurance would have compensated appellant to the extent of its coverage if O'Dell had a legal right to recover damages from his co-employee.

Since it is clear that appellant was not otherwise handicapped in her wrongful death action, the determinative issue is whether the Indiana Workmen's Compensation Act, IC

1971, 22-3-2-1, *et seq.*, *supra*, would preclude her separate claim for damages against the co-employee of her husband.

Generally, workmen's compensation is intended to afford employees an adequate and certain remedy independent of any finding of negligence for accidents arising out of and in the course of employment, IC 1971, 22-3-2-5, *supra*. This method of compensation based upon a reallocation of risk arose from a need to curb the harsh results rendered under the common-law with its defenses of contributory negligence, assumption of risk and the fellow servant rule. *Frampton* v. *Central Indiana Gas Co.* (1973), 260 Ind. 249, 297 N.E.2d 425. A consistent extension of this policy of certain compensation was the provision for the exclusiveness of the remedy afforded. IC 1971, 22-3-2-6, *supra*. *Yuhasz* v. *Mohr* (1974), 159 Ind. App. 478, 307 N.E. 2d 516.

Accordingly appellant concedes that her rights would be confined to those available under workmen's compensation if the accident involving the deceased and his co-employee arose out of and in the course of their mutual employment. However, O'Dell asserts first that her husband was not in an employee status at the time of the accident, and, second, that even if he were, the co-employee Dulin as "some other person" would not be immuned from a separate suit under IC 1971, 22-3-2-13,[1] *supra*.

In focusing on O'Dell's employment status at the time he was leaving the plant, it should be noted that public policy

---

1. IC 1971, 22-3-2-13 (Burns Code Ed.), provides as follows:
   "Liability of third person—Subrogation of employer—Lien on award to employee—Notice to employer if employee sues—Settlements—When action barred—Costs—Attorney fees—Release and satisfaction.— Whenever an injury or death for which compensation is payable under this act [22-3-2-1—22-3-6-3], shall have been sustained under circumstances creating in some other person than the employer and not in the same employ a legal liability to pay damages in respect thereto, the injured employee, or his dependents in case of death, may commence legal proceedings against such other person to recover damages notwithstanding such employer's or such employer's compensation insurance carrier's payment of or liability to pay compensation under this act."

under the Act favors the liberal construction of making awards for accidents involving the ingress and egress of employees to their work premises on the theory that such accidents arise out of and in the course of employment. *Reed et al.* v. *Brown et al.* (1958), 129 Ind. App. 75, 152 N.E.2d 257 (transfer denied); *Jeffries* v. *Pitman-Moore Co.* (1925), 83 Ind. App. 159, 147 N.E. 919. Thus while some nexus between the accident and the employment must exist, the question of whether an injury occurred on the operating premises of the owner is an important determinant of this connection and accordingly of what duty the employer owes under the Act. *U.S. Steel Corp.* v. *Brown* (1967), 142 Ind. App. 18, 231 N.E.2d 839 (transfer denied).

When, as here, there is a concentration of industrial machinery attended by a large number of employees, the operating premises of the employer extends to include the risks involved in that concentration. Clearly employee parking lots and private drives as an extension of these operating premises are considered within the employer's supervision.

For these reasons accidents occurring under such conditions of employment-related risk usually fall within the ambit of workmen's compensation. *Goldstone* v. *Kozma* (1971), 149 Ind. App. 626, 274 N.E.2d 304 (transfer denied).

In the case at bar appellant's deceased was driving his truck from the employee parking lot on the private drive of his employer when he was struck and killed by an incoming employee. Thereafter appellant obtained a claim for workmen's compensation against the employer for the loss of her husband. In view of the circumstances surrounding the accident and in consideration of the compensation paid to appellant under the requirements of the Act imposed upon the employer, it is clear that O'Dell's death must be deemed to have arisen out of and in the course

of his employment. *U.S. Steel Corp.* v. *Brown, supra; Goldstone* v. *Kozma, supra.*

However, appellant urges that she has an independent cause of action against the fellow employee in addition to that available under the statute. O'Dell relies on that portion of IC 1971, 22-3-2-13, *supra,* which requires that whenever a death for which compensation is payable has been sustained under circumstances creating in some other person than the employer and not in the same employ a legal liability, the dependents may commence legal proceedings against him notwithstanding the employer's liability.

Appellant believes that this provision preserves third party actions citing *Merritt* v. *Johnson* (S.D. Ind. 1961), 190 F. Supp. 454, for the proposition that those exempt from liability under the status of employer had to be conducting the employer's business at the time of the accident. Therefore when the remedy sought by the employee, even if against a fellow employee, does not reach to the employer under *respondeat superior,* it is argued that he should be able to pursue his action at common-law without the bar of the statute.

O'Dell's argument must be rejected. First, her reliance on *Merritt* is misplaced. The court's holding that the statutory reference to "some other person than the employer" meant "some other person than the employee's employer or those conducting his employer's business" was rendered under an independent contractor theory and not intended as a means for expanding the liability of a fellow employee under the Act. Moreover the 1963 amendment to IC 1971, 22-3-2-13, *supra,* adding the language "and not in the same employ" specifically preserves to the co-employee immunity from common-law actions for accidents found to have arisen out of and in the course of employment.[2]

---

2. *See,* Acts 1963, ch. 387, § 3, p. 1026.

Second, appellant's argument assumes that Dulin needs to have been acting within the scope of his employment before immunity would attach. However, this attempt to use a *respondeat superior* rationale in the context of the case at bar misconstrues the intent of workmen's compensation. In essence an award under the Act is based upon a statutory jurisdiction over a certain class of industrial accidents and only as a derivation thereof over those persons connected with them. We recognize, of course, the traditional rule which precluded coverage to employees injured at a time when they were "merely" on their way to or from work as well as the often litigated factual exceptions to the rule. *See, e.g., Miller* v. *Barrett* (1971), 148 Ind. App. 685, 269 N.E.2d 772 (transfer denied). However viable those problems may be under other circumstances, they cannot benefit O'Dell. In *U.S. Steel Corp.* v. *Brown, supra,* we held as a policy determination under the Act that employees going to or from work who were injured on private roadways owned and maintained by the employer within its premises were within the coverage of the Act. The necessary implication of that holding is that Dulin was also within the course and scope of his employment at the time of the collision.

This is not to say that were these individuals to injure each other while driving on their respective two-week vacations they would be precluded from their common-law remedies. Rather the test must be that the statutory bar applies only when both employees were in the course of their employment, as determined by whether the denominated defendant could obtain compensation benefits if he were the claimant in the same or similar circumstances.

Moreover, while a question of fact could arise concerning whether the employee status of those involved in an accident might remove them from the immunity afforded by statute, the same has not been raised in the case at bar. *Reed et al.* v. *Brown et al., supra.*

O'Dell does not contest any factual issue before the court. She admits to the general nature of the accident and the time, place and parties involved. Indeed, her only dispute is over the legal conclusion that the accident of her husband and Dulin as co-employee arose out of and in the course of their mutual employment.

When facts relating to the question of liability under the Act are undisputed and when such facts afford a single inference, the issue is one of law for the court to decide. *Alford et al.* v. *State* (1959), 129 Ind. App. 312, 156 N.E.2d 401. Here two co-employees were involved in an accident fatal to one of them during a change in shifts, on a private thoroughfare maintained by the employer. The claiming dependent secured benefits from the employer under workmen's compensation on the theory that the fatality occurred because the accident arose out of and in the course of the employment. Under these circumstances as a matter of law the remedy is exclusive and no common-law action is allowable under IC 1971, 22-3-2-13, *supra.* Therefore summary judgment on the complaint was appropriate.

Having found no reversible error the judgment of the trial court must be affirmed.

Judgment affirmed.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 362 N.E.2d 862.