William WARD and Margarita Ward, Appellants (Plaintiffs Below),

v.

Ronald TILLMAN, Appellee (Defendant Below).

No. 3–178A17.

Court of Appeals of Indiana, Third District.

March 20, 1979.

Terrence M. Rubino, Hammond, for appellants.

Patrick J. Galvin and W. Patrick Downes, of Galvin, Galvin & Leeney, Hammond, for appellee.

STATON, Judge.

On August 10, 1976, William Ward sustained serious injuries as the result of a collision with Ronald Tillman on the parking lot of Inland Steel Corporation of East Chicago. Ward and Tillman were both employees of Inland Steel. Ward and his wife, Margarita, filed a complaint for damages against Tillman.

The trial court granted Tillman's motion for summary judgment and entered the following order:

## "FINDINGS OF FACT

"1. On August 10, 1976 William Ward was operating a motor vehicle in the parking lot of his employer Inland Steel Corporation in East Chicago, Indiana when his motor vehicle collided with a vehicle being operated by Ronald Tillman, also an employee of Inland Steel Corporation.

"2. At the time of the collision William Ward was in the employ of Inland Steel Corporation and engressing [*sic*] from his place of employment while on his employer's premises.

"3. At the time of said collision Ronald Tillman was in the same employ of Inland Steel Corporation and was ingressing to his place of employment while on his employer's premises.

"4. The employment contract between William Ward and Inland Steel Corporation was subject to the provisions of the Indiana Workmen's Compensation Act.

"5. Each of the foregoing facts is found to be undisputed and there is no genuine dispute thereto.

## "CONCLUSIONS OF LAW

"From the above findings of fact, none of which facts are in dispute, the Court concludes the following:

"1. There is no genuine issue as to the foregoing material facts, the sole issues being issues of law, and the moving defendant is entitled to summary judgment as a matter of law.

"2. The Court finds that the plaintiff William Ward's employment contract with Inland Steel Corporation was subject to the provisions of the Indiana Workmen's Compensation Act.

"3. The Court finds that the motor vehicle accident in which the plaintiff William Ward and the defendant Ronald Tillman were involved in on August 10, 1976 arose out of and in the course of the plaintiff William Ward's employment with Inland Steel Corporation.

"4. The Court finds that the motor vehicle accident which the plaintiff William Ward and the defendant Ronald Tillman were involved in on August 10, 1976 arose out of and in the course of the defendant Ronald Tillman's employment with Inland Steel Corporation.

"5. The Court finds that the claims of the plaintiffs William Ward and Margarita Ward for injuries to the plaintiff William Ward arising out of the accident on August 10, 1976 are covered under the Indiana Workmen's Compensation Act, IC 1971 22–3–2 et seq.

"6. The Court finds that at the time of the accident in question on August 10, 1976 defendant Ronald Tillman was in the same employ as the plaintiff William Ward within the meaning of IC 1971 22–3–2–13.

"7. The Court finds pursuant to IC 1971 22–3–2–6 that the Indiana Workmen's Compensation Act is the exclusive remedy for plaintiff's claims against the defendant Ronald Tillman and that this action is therefore barred by IC 1971 22–3–2–6.

"There being no further issues for determination by the Court at this time, the Court now grants defendant's motion for summary judgment on all counts and orders that final judgment be entered against the plaintiffs William Ward and Margarita Ward and in favor of the defendant Ronald Tillman, this 6th day of September, 1977."

██ The sole issue presented by the Wards for our review is whether or not the trial court erred as a matter of law in its determination that a common law action brought by an employee against another employee as a result of a traffic accident on the employer's parking lot is barred by the Indiana Workmen's Compensation Act.

We affirm.

The Indiana Workmen's Compensation Act, IC 1971, 22–3–2–1, *et seq.* (Burns Code Ed., Supp.1978), is social legislation based upon a realization of the obligation which

industry owes to its workers. The derogation of the defenses available to an employer at common law is balanced by the provisions of the Act which limit recovery by an employee exclusively to the remedies provided for in the Act. *See* Small, *Workmen's Compensation Law in Indiana* (1950).[1]

The Wards insist that the accident with Tillman did not arise out of and in the course of their mutual employment; hence, they are not limited to the exclusiveness of remedies provisions of the Act.[2] First, they assert that neither Ward, who was leaving from work, nor Tillman, who was arriving for work, should be considered in an employee status at the time of the accident. Additionally, they urge us to view the employment duties of Ward and Tillman as restricted to the plant proper and not as carrying over to a company parking area accessible to the public.

The findings of fact are not disputed by the Wards. When such facts afford a single inference, the issue is one of law for the court to decide. *Arford v. State* (1959), 129 Ind.App. 312, 156 N.E.2d 401.

■ The liability of employers has been extended beyond the immediate job site. An employer may be liable for those injuries which occur off the immediate job site if the property is maintained for an employment-connected use. For example, where a street is maintained by the employer for employee use. *U.S. Steel Corp. v. Brown* (1967), 142 Ind.App. 18, 231 N.E.2d 839 (transfer denied); *Reed et al. v. Brown et al.* (1958), 129 Ind.App. 75, 152 N.E.2d 257 (transfer denied). Public policy under the Act favors the liberal construction of making awards for accidents involving the ingress and egress of employees to their work premises on the theory that such accidents arise out of and in the course of employment. *O'Dell v. State Farm Mutual Automobile Insurance Company* (1977), Ind. App., 362 N.E.2d 862 (transfer denied).

Employee parking lots and private drives within the employer's supervision are clearly extensions of the employer's operating premises. *O'Dell, supra.* Accidents resulting from the ingress-egress of employees to a plant fall within workmen's compensation coverage as an employment-related risk. Thus, Ward and Tillman were in an employee status when the accident occurred on the company parking lot.

■ The Wards also assert that their failure to file a claim for workmen's compensation benefits validates their common law action against Tillman. This assertion is frivolous. The Wards ignore the mandatory provisions of the Act.[3]

The Act does provide that a claimant may rightfully proceed at common law against a third party tort-feasor not in the same employ. IC 1971, 22–3–2–13 (Burns Code Ed., Supp.1978) specifically removes a co-employee from liability for accidents found to have arisen out of and in the course of employment.

■ The test to determine if Ward and Tillman were "in the same employ" is whether or not the denominated defendant, Tillman, could obtain compensation benefits in the same or similar circumstances. *O'Dell, supra.* The undisputed findings of

1. We discussed the philosophy behind the Act in *O'Dell v. State Farm Mut. Auto. Ins. Co.* (1977), Ind.App., 362 N.E.2d 862:

   "Generally, workmen's compensation is intended to afford employees an adequate and certain remedy independent of any finding of negligence for accidents arising out of and in the course of employment, IC 1971, 22–3–2–5 . . . . This method of compensation based upon a reallocation of risks arose from a need to curb the harsh results rendered under the common-law with its defenses of contributory negligence, assumption of risk and the fellow servant rule. *Frampton v. Central Indiana Gas Co.* (1973), 260 Ind. 249, 297 N.E.2d 425. A consistent extension of this policy of certain compensation was the provision for the exclusiveness of the remedy afforded. IC 1971, 22–3–2–6 . . . *Yuhasz v. Mohr* (1974), Ind.App., 307 N.E.2d 516." *O'Dell* at 864.

2. IC 1971, 22–3–2–6, Ind.Ann.Stat. § 40–1206 (Burns Code Ed.).

3. IC 1971, 22–3–2–2 (Burns Code Ed., Supp. 1978). The legislature in 1974 removed the mechanism whereby employers or employees, otherwise subject to the provisions thereof, could reject the Act. Ind. Acts 1974, P.L. 108.

fact and our determinations above indicate that Tillman could obtain workmen's compensation benefits from this accident. The requirements of the test are met; Ward and Tillman were in the same employ. Common law recovery by the Wards against Tillman is barred.

The trial court correctly interpreted the applicable provisions of the law. The order of summary judgment is affirmed.

GARRARD, P. J., and HOFFMAN, J., concur.