Rebecca MARTIN and Ivan W. Martin, Plaintiffs-Appellants,

v.

Steven POWELL, Defendant-Appellee.

No. 1–884 A 201.

Court of Appeals of Indiana, First District.

May 16, 1985.

Rehearing Denied June 25, 1985.

Robert C. Rupp, Donn H. Wray, Stewart Irwin Gilliom Fuller & Meyer, Indianapolis, for plaintiffs-appellants.

Robert L. Hartley, Jr., Martin, Wade, Hartley & Hollingsworth, Indianapolis, for defendant-appellee.

RATLIFF, Presiding Judge.

## STATEMENT OF THE CASE

Rebecca and Ivan Martin brought suit against Rebecca's co-employee, Steven Powell, for injuries Rebecca suffered at her place of employment. The Fayette Circuit Court granted Powell's Motion for Summary Judgment and the Martins appeal. We reverse.

## FACTS

The essential facts are not in dispute. On April 19, 1981, Rebecca Martin was working at the nurse's station in the Fayette Memorial Hospital emergency room. Steven Powell, an orderly at the hospital, sneaked up behind Rebecca while she was seated at her desk. He intended to wheel Rebecca around the emergency room in an effort to break up the monotony of their work. However, when he pulled the chair away from the desk Rebecca fell to the floor. As a result of this fall, Rebecca suffered serious and permanent injuries.

On April 15, 1983, the Martins filed suit against Powell seeking damages for Rebecca's injuries. Powell subsequently filed a motion for summary judgment asserting that the Martins' exclusive remedy lay in the Workmen's Compensation Act and that under that Act, he was immune from their civil suit. The trial court granted the motion, based on our decision in *Skinner v. Martin* (1983), Ind.App., 455 N.E.2d 1168, and entered judgment in favor of Powell.[1] From that judgment, the Martins appeal.

## ISSUE

Resolution of this appeal requires consideration of only one of the issues raised by the Martins.[2] Restated, that issue is:

Whether the trial court erred as a matter of law when it determined that the Workmen's Compensation Act barred the Martins' suit against Steven Powell.

## DISCUSSION AND DECISION

As a general rule, the Workmen's Compensation Act provides the exclusive remedy for an employee who is injured as a result of an accident arising out of and in

---

1. The trial court reasoned that because Rebecca received workmen's compensation for a subsequent aggravation of the injury she suffered on April 19, 1981, *Skinner v. Martin* foreclosed any possible civil suit against co-employee Powell. However, as Powell concedes in his brief to this court, whether or not Rebecca ever received compensation for the injuries she suffered as a result of Powell's horseplay is irrelevant for purposes of resolution of the issue presented in this appeal.

2. The Martins spend a portion of their briefs discussing whether or not Rebecca ever claimed or was paid workmen's compensation for her injuries. However, as we stated above, whether or not Rebecca received workmen's compensation payments for this injury is irrelevant for purposes of determining whether Powell is entitled to immunity from her suit.

the course of his employment. Indiana Code section 22–3–2–6 (Burns Supp.1984) states in relevant part:

"Rights and remedies of employee exclusive.—The rights and remedies granted to an employee subject to IC 22–3–2 through IC 22–3–6 [22–3–2–1—22–3–6–3] on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next of kin, at common law or otherwise, on account of such injury or death, except for remedies available under IC 16–7–3.6 [16–7–3.6–1—16–7–3.6–20]."

However, the Act does permit a claimant to pursue a common law remedy against a third party tortfeasor who is not in the same employ. Indiana Code section 22–3–2–13 (Burns Supp.1984) states in part:

"Whenever an injury or death, for which compensation is payable under chapters 2 through 6 [22–3–2–1—22–3–6–3] of this article shall have been sustained under circumstances *creating in some other person than the employer and not in the same employ a legal liability to pay damages in respect thereto*, the injured employee, or his dependents, in case of death, may commence legal proceedings against the other person to recover damages notwithstanding the employer's or the employer's compensation insurance carrier's payment of or liability to pay compensation under chapters 2 through 6 of this article. [Emphasis supplied.]"

It is the definition and application of "in the same employ" which controls the resolution of this appeal.

■ The definition of "in the same employ" is well settled in this state. A defendant is not immune from a common law tort suit merely because he has the same employer as the plaintiff. Rather, a defendant is entitled to the immunity provided by Ind.Code § 22–3–2–13 only when he is acting in the course of his employment at the time the plaintiff suffers his compensable injuries. *Ward v. Tillman* (1979), 179 Ind.App. 626, 631, 386 N.E.2d 1003, 1005;

*O'Dell v. State Farm Mutual Automobile Insurance Co.* (1977), 173 Ind.App. 106, 111, 362 N.E.2d 862, 866, *trans. denied; Helmic v. Paine* (1963), 369 Mich. 114, 119, 119 N.W.2d 574, 577; *Maines v. Cronomer Valley Fire Dept.* (1980), 50 N.Y.2d 535, 543, 407 N.E.2d 466, 470, 429 N.Y.S.2d 622, 626; 2A A. Larson, *The Law of Workmen's Compensation* § 72.23 (1983).

This definition is supported by the basic policy considerations underlying the Workmen's Compensation Act. The essential purpose of the Act is to afford employees injured in the course of their employment an adequate and certain remedy against their employer. In exchange for this certain remedy, the injured employee must forgo certain common law remedies against both his employer and his fellow employees. The Act is not designed, however, to insulate co-employees from liability for acts which are not in the course of their employment.

■ In the case before us, it is undisputed that Rebecca Martin was acting in the course of her employment when she was injured. It is equally clear that Steven Powell was not acting in the course of his employment when he engaged in the horseplay which resulted in Rebecca's injuries. *See Block v. Fruehauf Trailer Division Fruehauf Corp.* (1969), 146 Ind.App. 70, 74, 252 N.E.2d 612, 615. Consequently, we must conclude that Powell is not entitled to invoke the immunity granted to those "in the same employ."

Powell argues, in his brief to this court, that our recent decision in *Skinner v. Martin* (1983), Ind.App., 455 N.E.2d 1168, should control the resolution of this case. We disagree. Skinner and Martin were co-employees. Martin requested that Skinner oil the chains of his crane so that it could be operated. Skinner agreed to oil the chains, but only after he had finished his coffee break. Already displeased with Skinner's job performance, Martin instigated an altercation with Skinner which resulted in serious injuries to Skinner.[3] Subse-

---

**3.** As a result of this altercation, Martin was convicted of battery.

quently, Skinner brought a personal injury suit against Martin, asserting that Martin was not "in the same employ" because he was not acting in the course of his employment. We pointed out, however, that Skinner's injuries resulted from a purely work-related incident. Martin assaulted Skinner because he was unhappy with Skinner's attitude toward his work. Consequently, we concluded, that under those particular facts, Martin was entitled to immunity from Skinner's civil suit. *Skinner*, at 1171. *See Herndon v. UAW Local No. 3* (1974), 56 Mich.App. 435, 224 N.W.2d 334 (holding that union steward who assaulted co-employee filing work grievance was immune from civil suit by that co-employee); *see also Armstead v. Sommer* (1956), 126 Ind.App. 273, 281–82, 131 N.E.2d 340, 344 (making a distinction between purely work related incidents and purely personal ones). In the present case, however, Powell's horseplay was not purely work-related. Thus, the immunity protection afforded those "in the same employ" is not available to Powell even under the narrow rule announced in *Skinner v. Martin.*

We reverse the trial court's grant of summary judgment and remand for further proceedings.

NEAL and ROBERTSON, JJ., concur.