**Jeffrey L. TARR, David Morrow, Defendants–Appellants,**

v.

**Nancy JABLONSKI, on her own behalf, Nancy C. Jablonski, as Administratrix of the Estate of Daniel F. Jablonski, Deceased, Nancy C. Jablonski, as next friend of John Daniel Jablonski, and Bryan Kurtis Jablonski, Plaintiffs–Appellees.**

No. 64A03–9003–CV–130.

Court of Appeals of Indiana, Third District.

April 9, 1991.

Robert D. Brown, Spangler, Jennings & Dougherty, P.C., Merrillville, for defendants-appellants.

Anna S. Rominger, Sendak, Sendak, Neff & Rominger, Crown Point, for plaintiffs-appellees.

GARRARD, Judge.

This appeal was brought to determine whether a civil action may be maintained by a worker against his co-employees for alleged negligence in providing emergency medical care or whether his remedy is under the Workers' Compensation Act.

Plaintiff's decedent, Daniel Jablonski, was employed by Inland Steel as an operations clerk. On December 22, 1983, while at work, he experienced some distress and the plant medical department was called and told that Jablonski was experiencing some chest pains and needed transportation to a medical facility.

Paramedic Jeffrey Tarr and an emergency medical technician went to the safety station where Jablonski told them he had experienced some dizziness and chest pain earlier but was not experiencing either at that time. Tarr requested an ambulance to take Jablonski to the hospital. He had Jablonski lie down on a cot and began administering oxygen.

While the ambulance was on the way to the hospital, but still on Inland's premises, Jablonski went into ventricular fibrillation.

Tarr began emergency life saving procedures and requested additional help. David Morrow, another of Inland's paramedics, arrived to assist Tarr. Despite their efforts Jablonski died before they arrived at the hospital. The cause of death was reported as cardiac arrest.

When this action was commenced for wrongful death the paramedics, Tarr and Morrow, sought summary judgment on the ground that plaintiffs' remedies were exclusively under the Workers' Compensation Act. Relief was denied and we accepted interlocutory appeal.

We note at the outset that we are not here concerned with plaintiffs' ultimate right to recover either at common law or under the compensation act. The only question before us is whether the compensation act precludes the plaintiffs from pursuing a civil action.

The "exclusive remedy" provision is set forth in IC 22–3–2–6. It provides:

> The rights and remedies granted to an employee subject to IC 22–3–2 through 22–3–6 on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next of kin, at common law or otherwise, on account of such injury or death, except for remedies available under IC 16–7–3.6 [which pertains to victims of violent crimes].

IC 22–3–2–13 then provides:

> Whenever an injury or death, for which compensation is payable under chapters 2 through 6 of this article shall have been sustained under circumstances *creating in some other person than the employer and not in the same employ a legal liability to pay damages in respect thereto,* the injured employee, or his dependents, in case of death, may commence legal proceedings against the other person to recover damages notwithstanding the employer's or the employer's compensation insurance carrier's payment of or liability to pay compensation under chapters 2 through 6 of this article. (Emphasis added)

Thus, the general rule has been that an injured party who is subject to the act may not maintain a civil action against a co-employee for injuries arising out of and in the course of his employment. *See, e.g., Seiler v. Grow* (1987), Ind.App., 507 N.E.2d 628; *Martin v. Powell* (1985), Ind.App., 477 N.E.2d 943.

Clearly the events at issue occurred during the course of Jablonski's employment at Inland. Concerning whether they arose out of the employment, we note that there has been no contention that his work duties caused the heart attack. On the other hand, if he simply had a heart attack in the natural course of events that unavoidably and directly caused his death, then there would be no basis for liability either by civil action or compensation proceeding. The essence of the claim, of course, is that such was not the case. It is that negligence on the part of Tarr and Morrow in some manner caused him to go into fibrillation or failed to prevent his death.

Thus, it may be said that his death arose out of his employment in the sense that it is alleged to have occurred through the administration of in-plant medical or emergency services that are provided as incidental to the employment. *See Prater v. Indiana Briquetting Corp.* (1969), 253 Ind. 83, 251 N.E.2d 810, 812.

Jablonski seeks to avoid application of the statutory bar by relying upon *Ross v. Schubert* (1979), Ind.App., 388 N.E.2d 623. In *Ross* we held that an employee might maintain a civil action against a physician for medical malpractice despite the physician's part time employment by their common employer at a clinic located in the plant.

We decline to extend the *Ross* exception to paramedics such as Tarr and Morrow.

We initially note that *Ross* relied substantially on *Iterman v. Baker* (1938), 214 Ind. 308, 15 N.E.2d 365 for the proposition that a corporation could not be liable for the malpractice of a physician. That aspect of *Iterman* is no longer viable. *Sloan v. Metro. Health Council* (1987), Ind.App., 516 N.E.2d 1104.

In *Rodgers v. Hembd* (1988), Ind.App., 518 N.E.2d 1120, the court refused to extend the *Ross* exception to non-medical professionals employed by the claimant's employer.

Thirdly, we believe the essence of the *Ross* exception to have been the independent professional judgment which a physician must necessarily exercise. Paramedics have no such responsibility. Indeed, as Jablonski points out, their course of action was to be governed by a written protocol.

Since the *Ross* exception does not apply, it follows that Tarr and Morrow were not third parties not in the same employ with Mr. Jablonski. Accordingly, the civil action may not be maintained.

The appeal is sustained and the cause is remanded with instructions to grant summary judgment for Tarr and Morrow.

Remanded.

HOFFMAN, P.J., and CHEZEM, J., concur.