Wendell E. NORTHCUTT and Joyce Ann
Northcutt, Appellants–Plaintiffs,

v.

Gregory SMITH and Peggy Smith,
Appellees–Defendants.

No. 64A05–9402–CV–76.

Court of Appeals of Indiana,
Fifth District.

Oct. 31, 1994.

Roger A. Weitgenant, Blachly Tabor Bozik & Hartman, Valparaiso, for appellant.

Robert P. Stoner, Mark D. Geheb, Spangler Jennings & Dougherty, Valparaiso, for appellee.

## OPINION

SHARPNACK, Chief Judge.

Wendell E. and Joyce Ann Northcutt (the Northcutts) appeal the summary judgment granted in favor of Gregory and Peggy Smith (the Smiths). For the reasons stated below, we reverse the trial court's entry of summary judgment and remand this cause to the trial court with instructions to dismiss for lack of subject matter jurisdiction.

The Northcutts present one issue on appeal, which we restate as whether the trial court erred in finding that the Northcutts' claims against the Smiths were barred by the exclusivity provision of the Indiana Worker's Compensation Act (the Act), Ind.Code § 22-3-2-6.

On August 24, 1990, Wendell Northcutt was injured at the home of the Smiths. Both Northcutt and Gregory Smith were employed by Roger Sculley, d/b/a Central States Carriers. Sculley personally approved Smith's request that fellow employees assist him in moving items at his residence on company time using company vehicles. Once at the Smith residence, Smith informed all the employees generally as to which items needed to be moved. Northcutt injured himself while moving a flower pot. For purposes of this appeal, the Northcutts concede that Northcutt was acting in the course and scope of his employment when injured.

On July 25, 1991, the Northcutts filed a complaint with the Jasper County Superior Court, asserting negligence, premises liability, and loss of companionship and consortium claims against the Smiths. On September 3, 1992, the Smiths moved for summary judgment, claiming that the Northcutts' claims fell within the Act. After a hearing, the trial court granted the Smiths' motion for summary judgment on October 25, 1993.

Our supreme court has held the use of a summary judgment motion inappropriate where the Act's exclusivity provision is claimed to bar a plaintiff's complaint. *Perry v. Stitzer Buick GMC, Inc.* (1994), Ind., 637 N.E.2d 1282, 1286; *Foshee v. Shoney's, Inc.* (1994), Ind., 637 N.E.2d 1277, 1280. This is because the defense that a claim is barred by the exclusivity provision of the Act is an attack on the court's subject matter jurisdiction, and cannot form the basis of a motion for summary judgment. *Perry*, 637 N.E.2d at 1286.

Therefore, a defense should be advanced through a motion to dismiss for lack of subject matter jurisdiction pursuant to Ind. Trial Rule 12(B)(1). *Id.; Foshee*, 637 N.E.2d at 1280.

Worker's compensation is governed by Article 3 of Title 22 of the Indiana Code. Under Ind.Code § 22-3-2-6,

"[t]he rights and remedies granted to an employee subject to IC 22-3-2 through IC 22-3-6 on account of personal injury or death by accident *shall exclude all other rights and remedies* of such employee, the employee's personal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury or death, except for remedies available under

IC 5–2–6.1 [compensation for victims of violent crime]."

I.C. § 22–3–2–6. (emphasis added). Our supreme court has determined I.C. § 22–3–2–6 to be clear and unambiguous. *Evans v. Yankeetown Dock Corp.* (1986), Ind., 491 N.E.2d 969, 972, *reh'g denied.*

Indiana Code § 22–3–2–13, in pertinent part, provides:

"Whenever an injury or death, for which compensation is payable under chapters 2 through 6 of this article shall have been sustained under circumstances creating *in some other person than the employer and not in the same employ* a legal liability to pay damages in respect thereto, the injured employee, or his dependents, in case of death, may commence legal proceedings against the other person to recover damages notwithstanding the employer's or the employer's compensation insurance carrier's payment of or liability to pay compensation under chapters 2 through 6 of this article . . . ."

I.C. § 22–3–2–13 (emphasis added). Indiana Code § 22–3–2–13 is an exception to the general rule limiting an employee's recovery for job-related accidental injuries to provisions of the Act, because it permits the injured employee to bring suit against individuals other than the employer or fellow employees. *Weldy v. Kline* (1993), Ind.App., 616 N.E.2d 398, 401, *reh'g denied.* The language "not in the same employ" specifically preserves a co-employee's immunity from common law liability for accidents found to have arisen out of and in the course of employment. *Id.; Skinner v. Martin* (1983), Ind.App., 455 N.E.2d 1168, 1171; *Tarr v. Jablonski* (1991), Ind.App., 569 N.E.2d 378, 379, *reh'g denied, trans. denied.*

■ Whether an injury arises out of and in the course of an employment depends upon the facts and circumstances of each case. *Sanchez v. Hamara* (1989), Ind.App., 534 N.E.2d 756. However, when the facts relating to the question of liability under the Act are undisputed and when such facts lead to only one inference, the issue becomes one of law for the court to decide. *Id.*

■ Although the Northcutts concede that Northcutt's injury arose in the course of his employment and the facts are not in dispute regarding how, where, and when the injury occurred, the question of whether Smith is subject to liability pursuant to the Act remains a mixed question of law and fact, which ultimately will determine whether the trial court has jurisdiction over the subject matter. *See Perry, supra,* 637 N.E.2d at 1287 (court has considerable latitude in devising procedures to find facts pertinent to jurisdiction; it may consider the complaint, motions, and any affidavits or other evidence submitted, and may weigh the evidence to determine existence of the requisite jurisdictional facts). Our review of such a factual determination is for an abuse of discretion.

■ Were Northcutt and Smith "in the same employ" at the time of the accident? This is determined by examining whether Smith could obtain compensation benefits under the same or similar circumstances. *Id.; see also Ward v. Tillman* (1979), 179 Ind. App. 626, 386 N.E.2d 1003; *O'Dell v. State Farm Mutual Automobile Insurance Company* (1977), 173 Ind.App. 106, 362 N.E.2d 862, *trans denied.*

The facts show that Northcutt and Smith both worked for Sculley at Central States Carriers on the date of the injury, Smith being Northcutt's shop supervisor. Northcutt performed maintenance on trailer refrigerator units, general maintenance, unloading of trucks, and "[w]hatever needed to be done." Record, p. 88, Northcutt dep., p. 39. Smith, as shop foreman, ordered truck parts, arranged job schedules, and performed maintenance on the trucks.

■ Sculley had authorized Smith's use of Northcutt and the other employees' services to move his personal items to his new residence while the employees were on break. Record, p. 88, Northcutt dep., p. 39. An employee is acting within the course and scope of his employment when the act that is done is not performed on the employee's own initiative. *Fields v. Cummins Emp. Fed. Credit Union* (1989), Ind.App., 540 N.E.2d 631, 635–636. In addition, Sculley did not relinquish his right to direct and control the conduct of Smith, Northcutt, and their co-

employees at the time of the incident. *See Trinity Lutheran Church, Inc. v. Miller* (1983), Ind.App., 451 N.E.2d 1099, 1103 (test for determining a master-servant relationship is whether one has the right to direct and control the conduct of the alleged servant at the time of the incident).

Furthermore, the record shows that at the Smith residence, Smith informed his co-employees as to what needed to be moved and assisted his co-employees in lifting and loading boxes and other items onto the trucks.

Although we find no precedent involving similar facts—that is, employee is injured on co-employee's property performing work for co-employee on company time and with company authorization—the fact that the injury to Smith would have occurred on Smith's property while in the process of performing a task directly beneficial for himself and not for Sculley is of little moment. As stated in *Weldy, supra:*

> "[W]e decline to follow those cases which expose a co-employee to liability based upon the non job-related nature of his actions. The Act is concerned with only the *injured employee* and the circumstance surrounding his or her injury. To the extent that the Act does not provide adequate compensation for such injury or death, thereby encouraging injured employees or their representatives to seek other avenues of redress, the legislature should recognize its responsibility to adjust awards to a reasonable level. We are not the appropriate body to make such determinations."

*Weldy,* 616 N.E.2d at 403 (emphasis in original).

*Weldy* is helpful in resolving the instant case. In that case, the defendant and the decedent both worked in the same Holiday Inn kitchen and both attended a party sponsored by their mutual employer, Holiday Inn. *Id.* During the party, the defendant grabbed the decedent and with the help of a friend, threw the decedent into the hotel pool. *Id.*

at 400. Defendant was then thrown into the pool by others. *Id.* Defendant got out of the pool, but decedent did not, and was found within the hour at the bottom of the pool, drowned. *Id.*

This court found that as employees the defendant and the decedent were identically situated; both worked in the same kitchen and both attended the same party. *Id.* Based on these facts, this court held that the defendant would have been able to obtain compensation benefits to the same extent as the decedent; therefore, putting them "in the same employ." *Id.*

In the instant case, Smith and Northcutt were not identically situated as employees, but they had similar responsibilities. Both worked at Central States Carriers' facility; Smith performing maintenance on company trucks and Northcutt performing maintenance on trailer refrigerator units. In addition, both went to Smith's home and moved property belonging to Smith onto the trucks.

The facts lead us to the conclusion that had Smith been injured moving his personal property while on his real property, he too would have obtained worker's compensation benefits. Thus, we find that Smith was "in the same employ" as Northcutt.

Do the facts satisfy the jurisdictional requirements of I.C. § 22–3–2–2?[1] Our supreme court has held that the Worker's Compensation Act is the exclusive remedy for an employee against his employer if the employee's personal injury occurred "by accident," arose "out of his employment," and arose "in the course of his employment." *Evans, supra,* 491 N.E.2d at 973.

In *Weldy,* this court stated that

> "An injury arises 'out of employment' when a causal nexus exists between the injury sustained and the duties or services performed by the injured employee. [*Gordon v. Chrysler Motor Corp.* (1992), Ind. App., 585 N.E.2d 1362, 1365]. This causal relationship is established when a reason-

---

1. Ind.Code § 22–3–2–2, in pertinent part, states: "(a) Every employer and every employee, except as stated in IC 22–3–2 through 22–3–6, shall comply with the provisions of IC 22–3–2 through IC 22–3–6 respectively to pay and accept compensation for *personal injury or death by accident arising out of and in the course of the employment,* and shall be bound thereby."

I.C. § 22–3–2–2 (emphasis added.)

ably prudent person considers a risk to be incidental to the employment at the time of entering into it or when the facts indicate a connection between the conditions under which the employee works and the injury. *Id.* An injury arising 'in the course of employment' refers to the time, place, and circumstances surrounding that injury. *Id.*

In addition, for an injury to arise out of and in the course of employment it must occur within the period of employment, at a place or area where the employee may reasonably be, and while the employee is engaged in an activity at least incidental to his employment. [*Ski World, Inc. v. Fife* (1986), Ind.App., 489 N.E.2d 72, 74]. An employee's activity will be considered incidental to his employment if the activity advances, directly or indirectly, his employer's interests. *Id.*"

*Weldy, supra,* 616 N.E.2d at 403–04.

As the Northcutts concede and the facts support, Northcutt's injury arose in the course of his employment. Thus, we must determine whether Northcutt's injury arose out of his employment.

■ The facts show that Northcutt's employment duties included unloading trailers. In addition, Sculley asked Northcutt periodically to perform work outside the main office facility for family members and establishments in which Sculley had an interest; i.e., Sculley's church and business properties. Because Smith is Sculley's son-in-law we can infer from this and the fact that Northcutt had worked for Sculley's family members in the past, that Northcutt's work at the Smith residence on the date in question indirectly benefitted Sculley. We find this evidence sufficient therefore to show that Northcutt's injury arose out of his employment. Thus, the jurisdictional requirements of I.C. § 22–3–2–6 are satisfied.

Accordingly, we find that the Northcutts' complaint against the Smiths is barred by the exclusivity provision of the Worker's Compensation Act. For the reasons stated above, we reverse the trial court's entry of summary judgment and remand this cause to the trial court with instructions to dismiss for lack of subject matter jurisdiction.

**REVERSED and REMANDED.**

BARTEAU and GARRARD, JJ., concur.