Alexsandra GONZALEZ and Pete Gonzalez, Appellants,

v.

Randal CLINTON, Appellee.

No. 45A03–9509–CV–304.

Court of Appeals of Indiana.

April 16, 1996.

Rehearing Denied Aug. 2, 1996.

Mark Van Dermolen, Merrillville, for appellant.

Jeffrey S. Sturm, Teresa Muth Mysliwy, Timothy M. Swan & Associates, Merrillville, for appellee.

## OPINION

STATON, Judge.

Alexsandra Gonzalez ("Alexsandra") and Pete Gonzalez ("Pete") appeal an order dismissing their personal injury claim against Randal Clinton ("Clinton"). They present one issue for our review which we restate as follows: Whether the trial court erred in

dismissing their claim for lack of subject matter jurisdiction based upon the exclusivity provision of the Worker's Compensation Act (the "Act").[1]

We affirm.

The facts indicate that Alexsandra was injured in a car accident. Her car was struck from behind by Clinton's car as both were leaving the Inland Steel plant after a shift change. Alexsandra, Pete and Clinton were all employees of Inland Steel. Pete and Clinton had just finished their shifts.

Alexsandra was not scheduled to work the day shift, but instead had come to the plant to pick up her husband. In her deposition, Alexsandra stated that she had attended a work-related meeting prior to meeting Pete. Later, after Clinton raised the issue of subject matter jurisdiction, Alexsandra stated in an affidavit that she had not attended a meeting, but instead, had stopped to see a co-worker about personal business. However, at a hearing on Clinton's motion to dismiss, she could not remember the subject matter of the conversation and admitted that she could have discussed work-related matters with him.

Alexsandra argues that the trial court erred in dismissing her claim because her injury did not arise out of or in the scope of her employment. Instead, she argues that she was engaged in a personal mission. In determining whether the claim should be dismissed for lack of subject matter jurisdiction, the trial court may consider the pleadings, affidavits, and any other evidence submitted. *Perry v. Stitzer Buick GMC, Inc.*, 637 N.E.2d 1282, 1287 (Ind.1994), *reh. denied.* In addition, the court may weigh the evidence to determine the existence of the requisite jurisdictional facts and resolve factual disputes. *Id.* at 1286–87.

Normally, the burden falls upon the party opposing jurisdiction to prove that the court does not have jurisdiction. *Id.* at 1287. However, public policy favors the inclusion of employees within the scope of the Act. *Id.* Thus, in a case involving an employee, once the defendant raises the issue of the exclusiv-

ity of the Act, the burden shifts to the employee to prove that the claim falls outside the scope of the Act. *Id.* When reviewing the trial court's determination that it lacks subject matter jurisdiction, we will affirm the judgment on any theory supported by the evidence of record. *Tapia v. Heavner*, 648 N.E.2d 1202, 1206 (Ind.Ct.App.1995).

The Act provides compensation for employees whose injuries arise out of and in the course of their employment.[2] When an employee is injured in an automobile accident on company property while arriving for work or leaving work, the injury arises out of and in the course of employment. *Burke v. Wilfong*, 638 N.E.2d 865, 869 (Ind.Ct.App.1994); *Ward v. Tillman*, 179 Ind.App. 626, 386 N.E.2d 1003, 1005 (1979). The Act is the exclusive remedy for the injury. *Id.* However, if the employee is not engaged in the work of the employer and, instead, is engaged solely on a personal mission on the employer's premises, the injury is not covered by the Act. *Lona v. Sosa*, 420 N.E.2d 890, 894–95 (Ind.Ct.App.1981), *reh. denied, trans. denied.*

As noted above, Alexsandra bore the burden of proving that she was engaged in a personal mission rather than engaging in work related activities while at Inland Steel that afternoon. The only evidence of record is her own varying accounts of her activities that afternoon. There is no testimony from her co-worker concerning the subject matter of their conversation at the plant. The trial court could have found that her testimony concerning the conversation was unreliable because it had changed and because it lacked specificity. Thus, the trial court's finding that she had not sustained her burden of proof is supported by the evidence. We will affirm the trial court's determination on any theory supported by the evidence. *Tapia, supra,* at 1206.

Affirmed.

ROBERTSON, J., concurs.

HOFFMAN, J., concurs with separate opinion.

---

1. IND CODE § 22–3–2–6 (1993).

2. IND.CODE § 22–3–2–2 (1993).

HOFFMAN, Judge, concurring.

I concur solely on the basis that the trial judge, from the evidence presented, found that the plaintiff's claim fell within the Worker's Compensation Act. The facts most favorable to the ruling are: that Alexsandra Gonzalez was an employee of Inland Steel; that she attended a meeting at work which she was required to attend just prior to picking up her husband who was also employed by Inland Steel; that an accident happened on Inland Steel's property as they were leaving the premises; and that the driver of the vehicle which struck the Gonzalez' car was also employed by Inland Steel.