James ELWELL and Judy Elwell,
Plaintiffs-Appellants,

v.

The CITY OF MICHIGAN CITY,
Indiana, Defendant-Appellee.

No. 3-676A199.

Court of Appeals of Indiana,
Third District.

Feb. 26, 1979.

J. D. Calbert, Greencastle, for plaintiffs-appellants.

Craig V. Braje, Michigan City, for defendant-appellee.

GARRARD, Presiding Judge.

James Elwell was injured while riding in a police car in the course of his duties as a police officer. He and his wife instituted these common law actions for damages against the city, his employer, alleging negligence in maintaining a sewer drain cover which allegedly caused the incident in which he was injured. The city moved to dismiss the complaint on the ground that Elwell's exclusive remedy lay in the provisions of the Workmen's Compensation Act, IC 22-3-2-1 et seq., and the Police Pension Fund Act, IC 19-1-24-1 et seq. The trial court dismissed the complaint on grounds that it lacked jurisdiction of the subject matter and the complaint failed to state a claim upon which relief could be granted. This appeal follows.

It is undisputed that the city had elected to purchase Workmen's Compensation Insurance and that Elwell was a member of the policemen's pension fund. The issue to be decided is whether those facts preclude him from suing at common law for negligence.

The Police Pension Fund, IC 19-1-24-3, provides for a benefit during periods of disability, return to active service at full pay when the disability is removed, and disability retirement where the disability renders a member unfit for active duty on the force. The act contains no express language purporting to make it an exclusive remedy available to the police officers it applies to.

On the other hand, the Workmen's Compensation Act in IC 22-3-2-6 does provide that it is the exclusive remedy of the employers and employees it covers.

IC 22-3-2-2 provides:

"From and after the taking effect of this law [May 21, 1929], namely IC 1971, 22-3-2 through 22-3-6 [22-3-2-1—22-3-6-3], every employer and every employee, except as herein stated, shall be required to comply with the provisions of

this law, respectively to pay and accept compensation for personal injury or death by accident arising out of and in the course of the employment, and shall be bound thereby. This law shall not apply to railroad employees engaged in train service as engineers, firemen, conductors, brakemen, flagmen, baggagemen, or foremen in charge of yard engines and helpers assigned thereto. This law shall not apply to employees of municipal corporations in this state who are members of the fire department or police department of any such municipality and who are also members of a firemen's pension fund or of a policemen's pension fund: Provided, however, That if the common council elects to purchase and procure workmen's compensation insurance to insure said employees with respect to medical benefits under the provisions of this law, the medical provisions of this law shall apply to members of the fire department or police department of any such municipal corporation who are also members of a firemen's pension fund or of a policemen's pension fund: Provided, further, That in any instance where any municipal corporation has heretofore purchased or procured, or hereafter purchases or procures workmen's compensation insurance covering members of the fire department or police department who are also members of a firemen's pension fund or a policemen's pension fund, and has paid or hereafter pays the premium or premiums for such insurance, the payment of such premiums is hereby declared to be a legal and allowable expenditure of funds of any municipal corporation: Provided, further, That in any case where the common council has procured workmen's compensation insurance as herein provided, any member of such fire department or police department employed in the city carrying such workmen's compensation insurance as herein provided shall be limited to recovery of medical and surgical care, medicines, laboratory, curative and palliative agents

and means, X-ray, diagnostic and therapeutic service, to the extent that such services are provided for in the workmen's compensation policy so procured by such city, and shall not also recover in addition thereto for such same benefits as are provided in IC 1971, 19–1–13 [19–1–13–1, 19–1–13–2; Burns' sections 48–6155, 48–6156]: Provided, further, That the provisions of this law shall apply to members of the Indiana general assembly and to field examiners of the state board of accounts. [Acts 1929, ch. 172, § 2, p. 536; 1937, ch. 214, § 7, p. 1067; 1943, ch. 114, § 1, p. 363; 1953, ch. 260, § 1, p. 934; 1963, ch. 387, § 1, p. 1025; 1971, P.L. 352, § 1, p. 1354; 1972, P.L. 173, § 1, p. 843; 1974, P.L. 108, § 2, p. 393.]"

A step by step analysis of this section as it applies to policemen discloses the following application.

The major premise is that the compensation act does not apply to those employed by a municipal corporation as policemen if they are also members of a policemen's pension fund. (Hereafter we refer to such policemen as exempt officers.)

The first proviso affords a city an election to utilize workmen's compensation insurance to provide the medical benefits under the act. If the city so elects, as the city here did, then the medical provisions of the act apply to exempt officers.

The final proviso states that where the city has purchased coverage, exempt officers "shall be limited to recovery of medical . . . service, to the extent that such services are provided for in the workmen's compensation policy . . ., and shall not also recover in addition thereto for such same benefits as are provided in IC 1971, 19–1–13."[1] We think the clear import of this proviso is to limit the medical benefits payable to exempt officers to those provided by the compensation act when the city has elected to purchase such insurance.

Nowhere does the compensation act speak directly to the question of an exempt offi-

---

1. IC 19–1–13–1 and 2 [Acts 1941] provide for furnishing medical care to policemen and fire-men by cities which maintain paid departments.

cer's remedy or ability to recover for injuries sustained in the course of his employment beyond the question of medical care. Indeed the form of the statute is to plainly state that except for an election as to medical care, the act simply does not apply to these exempt officers.

Should we nevertheless imply a legislative purpose to limit injured exempt officers to medical benefits and whatever disability benefits are provided in the pension act? We think not. These matters lie in the legislative domain. Each of the statutes in question was enacted for a humane purpose. For this court to imply an interrelation between them which would work adversely to that purpose without more to guide us would be an act of usurpation rather than interpretation.

Elwells' actions are not precluded by the statutes in question except to the extent that the city's liability for medical payments is limited to those provided under the workmen's compensation act. Otherwise they may proceed at common law subject to the proofs and defenses available in such a common law action.

Reversed and remanded.

HOFFMAN and STATON, JJ., concur.