Anthony **GIACOPELLI**, Petitioner,

v.

**INDUSTRIAL COMMISSION OF the STATE OF COLORADO, (Ex-Officio Unemployment Compensation Commission of Colorado); and Holiday Inn, Eugene Lamers, General Partner, Respondents.**

No. 80CA0416.

Colorado Court of Appeals, Div. I.

Dec. 11, 1980.

James H. Hiatt, Fort Collins, for petitioner.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., William Levis, Asst. Atty. Gen., Denver, for respondents.

BERMAN, Judge.

Claimant, Anthony Giacopelli, seeks review of a final order of the Industrial Commission disqualifying him from unemployment benefits for twelve weeks. He contends that his employment with the Ramada Inn and Holiday Inn was for a single employing unit and that his voluntary termination from the Holiday Inn consequently falls within the terms of § 8–73–108(4)(c)–(e), C.R.S. 1973 (1979 Cum.Supp.). We remand for further proceedings.

The material facts are undisputed. Claimant was terminated from his position as chef at the Ramada Inn on August 18,

1979, through no fault of his own. Shortly thereafter claimant met with the owner of the Ramada Inn, who was also general partner of the Holiday Inn. Because he wanted to retain claimant in his employ, the owner offered him a position as a grill trainee at the Holiday Inn for $300 per month less in pay. Claimant worked at the Holiday Inn on August 26 and 27, and quit on August 28 because he was unable to work the required evening shift.

On October 2, 1979, the deputy issued a full award of benefits. Notices of decision were sent to the Ramada Inn and Holiday Inn with the same employer account number. The Ramada Inn notice awarded benefits pursuant to § 8–73–108(4), C.R.S. 1973 (1979 Cum.Supp.), and the Holiday Inn notice awarded benefits pursuant to § 8–73–108(5)(w)(I), C.R.S. 1973, unsuitability of the job offer. The supplemental record submitted by the Commission pursuant to this court's request also contains a copy of the Holiday Inn notice of decision on which various unsigned, handwritten notes and a stamped date appear.

On October 22, 1979, the deputy issued a second notice of decision, finding that claimant voluntarily quit the Holiday Inn for personal reasons and reduced the award. The employer account number, which was identical to those on the October 2 decisions, was crossed out and another number entered by hand.

The address on the notice of the "Potential Charge" reads in pertinent part, "Eugene Lamers, ... Cty Vill Inn Ramada, 4700 Kipling, Wheatridge." The October 2, 1979, Ramada Inn notice of decision listed "Eugene Lamers, Ramada Inn, 4700 Kipling," as the employer. The October 22, 1979, Holiday Inn notice of decision listed "Eugene Lamers, General Partner, Country Village Inn, 4735 Kipling," as the employer.

Claimant timely filed a petition for review of the October 22 decision. At the hearing, claimant twice asserted that he was employed by the same owner and that he was justified in quitting the second position because the pay, hours, and work were substantially different. Referring to Lamers' notes, Lamers' representative stated that the owner offered claimant the Holiday Inn position "so that [claimant] could some day maybe become a chef at one of his places," and "if [claimant] wanted to stay with the company." The referee stated that there was a "separate job separation from the Holiday Inn" and found that claimant quit for personal reasons.

On review before the Industrial Commission, claimant's sole contention was that because of the common ownership, the second job was a less desirable transfer within the purview of § 8–73–108(4)(c), C.R.S. 1973 (1979 Cum.Supp.). The Commission, without reference to claimant's contention, affirmed the referee's decision.

Claimant urges that the Industrial Commission must be reversed on the issue of common ownership or, at minimum, the cause must be remanded for findings.

Section 8–70–103(9), C.R.S. 1973, provides in pertinent part:

" 'Employing unit' means any individual or type of organization, including any partnership, association ... which has in his employ one or more persons .... All individuals performing services within this state for any employing unit which maintains two or more separate establishments within this state shall be deemed to be employed by a single employing unit...."

The evidence indicates a connection in ownership which the Commission should have considered. See, e. g., Teets v. Leach, 112 Colo. 304, 148 P.2d 365 (1944). Accordingly, the cause must be remanded for further proceedings to determine if there was a single employing unit, and if so, whether claimant's employment at the Holiday Inn was a transfer to which the provisions of § 8–73–108(4)(c)–(e), C.R.S. 1973 (1979 Cum. Supp.) apply.

The order of the Industrial Commission is set aside and the cause is remanded for proceedings consistent with this opinion.

COYTE and STERNBERG, JJ., concur.