**STATE of Indiana and Robert S. Kirk, Defendants-Appellants,**

v.

**Donnie M. COFFMAN, Plaintiff-Appellee.**

**No. 1–782A169.**

Court of Appeals of Indiana, First District.

March 15, 1983.

---

Linley E. Pearson, Atty. Gen., G. Richard Potter, Deputy Atty. Gen., Indianapolis, for defendants-appellants.

Stephen S. Pierson, Calbert, Bremer & Pierson, Greencastle, for plaintiff-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendants-Appellants State of Indiana (State) and Robert S. Kirk (Kirk) appeal from an order entered in the Morgan Superior Court denying State's motion for summary judgment against plaintiff-appellee Donnie M. Coffman (Coffman) who brought this tort action against the State after settlement of his workmen's compensation claim.

We reverse.

## STATEMENT OF THE FACTS

The undisputed facts are as follows: On January 22, 1980, at approximately 1:45 a.m., Coffman was operating a State Highway Department truck for his employer, the State of Indiana. He was spreading sand and salt on Interstate 70 eastbound while travelling at approximately 25 m.p.h. when a collision occurred between his truck and a vehicle operated by defendant Kirk, an Indiana State Police officer.

At the time of the collision both Coffman and Kirk were acting in the course and scope of their employment for the State. Coffman filed a claim for workmen's compensation with the Indiana Industrial Board for injuries he received from the aforementioned collision. On April 20, 1981, the Industrial Board approved a compensation agreement between Coffman and the State in settlement of his claim.

## ISSUES

Restated, the issue is as follows:

Whether the trial court erred in denying State's motion for summary judgment since the Indiana Workmen's Compensation Act provides the exclusive remedy

for Coffman against his employer, the State of Indiana and co-employee Kirk?

## DISCUSSION AND DECISION

On reviewing a summary judgment, the Court of Appeals must determine whether there is any genuine issue of material fact, and whether the moving party is entitled to a judgment as a matter of law. *Wallace v. Indiana Insurance Company,* (1981) Ind.App., 428 N.E.2d 1361. The trial court is bound by the same standard. *F.W. Means & Company v. Carstens,* (1981) Ind. App., 428 N.E.2d 251. Evidentiary matters are examined in a light most favorable to the nonmoving party. *State ex. rel. Van-Buskirk v. Wayne Township, Marion County,* (1981) Ind.App., 418 N.E.2d 234.

The State argues that Kirk and Coffman were both employees of the State of Indiana, and thus were fellow servants or co-employees. As such, Coffman's sole remedy for his personal injuries was under the Indiana Workmen's Compensation Act, Ind. Code 22–3–1–1 *et seq.* It is the further contention of the State that an employee covered by workmen's compensation cannot maintain a legal action against his employer, citing as authority Ind.Code 22–3–2–13 of the Indiana Workmen's Compensation Act.

Coffman counters by arguing that he and Kirk were not "in the same employ," and therefore, Coffman could bring a civil action against third party tortfeasor Kirk in addition to pursuing his workmen's compensation claim. For authority, Coffman cites *Ward v. Tillman,* (1979) Ind.App., 386 N.E.2d 1003 and *Elwell v. City*[1] *of Michigan City,* (1979) Ind.App., 385 N.E.2d 1203.

In relevant part, Ind.Code 22–3–2–13 provides:

"Claims against third persons; subrogation; procedures, etc.

Sec. 13. Whenever an injury or death, for which compensation is payable under chapters 2 through 6 of this article shall have been sustained under circumstances creating in some other person than the employer and not in the same employ a legal liability to pay damages in respect thereto, the injured employee, or his dependents, in case of death, may commence legal proceedings against the other person to recover damages. . . ."

This subsection of the statute permits a workmen's compensation claimant to bring a legal action against a third party tortfeasor so long as: 1) the civil action does not create a legal liability on the employer to pay damages, and 2) the third party defendant is not "in the same employ" as the injured employee.

Coffman's civil suit against the State was brought under the Indiana Tort Claims Act (Tort Act), Ind.Code 34–4–16.5–1 *et seq.* Under Ind.Code 34–4–16.5–2 of the Tort Act, "the State" is defined as follows:

"* * *

(6) 'state' means Indiana and its state agencies, and

(7) 'state agency' means a board, commission, department, division, governmental subdivision including a soil and water conservation district, bureau, committee, authority, military body, or other instrumentality of the state, but does not include a political subdivision."

Under these definitions, the Indiana State Highway Department, where Coffman worked, and the Indiana State Police, where Kirk worked, are both government agencies of the State of Indiana. Without any doubt, Coffman's and Kirk's employer *is* the State of Indiana.

Nevertheless, Coffman relies on *Tillman, supra;* and *Elwell, supra,* to show that Coffman and Kirk were not "in the same employ."

In *Tillman,* Ward, an employee of Inland Steel, filed an action for damages against Tillman, another Inland employee, upon sustaining serious injuries as a result of a parking lot collision involving the two parties. Ward had never filed a claim for

---

1. *Elwell, supra,* is immaterial to the case at bar because it was decided before the Tort Act which bars legal action against Kirk once the governmental entity (State) has made a settlement of the claim with Coffman, as it had. *See* Ind.Code 34–4–16.5–5.

workmen's compensation benefits. The trial court granted Tillman's motion for summary judgment since the mandatory provisions of the Workmen's Compensation Act were found to be the exclusive remedy for Ward's claim against Tillman, who was in the same employ as Ward. Judge Staton, in affirming the trial court, stated: .

"The Act does provide that a claimant may rightfully proceed at common law against a third party tort-feasor not in the same employ. IC 1971, 22–3–2–13 (Burns Code Ed., Supp.1978) specifically removes a co-employee from liability for accidents found to have arisen out of and in the course of employment.

The test to determine if Ward and Tillman were 'in the same employ' is whether or not the denominated defendant, Tillman, could obtain compensation benefits in the same or similar circumstances. *O'Dell* [*v. State Farm Mutual Automobile Insurance Company* (1977), Ind.App., 362 N.E.2d 862], *supra.* The undisputed findings of fact and our determinations above indicate that Tillman could obtain workmen's compensation benefits from this accident. The requirements of the test are met; Ward and Tillman were in the same employ. Common law recovery by the Wards against Tillman is barred."

386 N.E.2d at 1005–06.

Coffman argues that by the test formulated in *Tillman,* Kirk is not a fellow employee because Kirk is not able to recover workmen's compensation benefits from the State. This argument is without merit. It is true that the test in *Tillman* was devised to ascertain whether the parties were "in the same employ" for purposes of allowing a civil action against a third party tortfeasor. However, in the case at bar, we need not even consider such a test since the undisputed facts show that both Coffman and Kirk had the same employer, that being the State of Indiana.

 Under Indiana law, the rights and remedies granted to an employee subject to the Workmen's Compensation Act on account of personal injury or death by accident are sole and exclusive of all other rights and remedies against the employer,

as the Act specifically abolishes common-law actions against an employer subject to its provisions. *Kottis v. United States Steel Corporation,* (7th Cir.1976) 543 F.2d 22, cert. denied 430 U.S. 916, 97 S.Ct. 1328, 51 L.Ed.2d 594; and see *Cunningham v. Aluminum Company of America, Inc.,* (1981) Ind.App., 417 N.E.2d 1186. Therefore, Coffman is conclusively prevented from bringing a legal action against the State.

Entertaining Coffman's contention for argument's sake, it is true that Kirk as an Indiana State Police officer is not entitled to workmen's compensation benefits since State troopers are covered under their own police disability fund, Ind.Code 10–1–2–4. Thus, Coffman argues that by the *Tillman* test—whether the denominated defendant could obtain compensation benefits in the same or similar circumstances, Kirk and Coffman are not "in the same employ."

Even assuming that Coffman's construction of the *Tillman* test is correct insofar as what the court said "in the same employ" meant, his argument is laid to rest in view of Ind.Code 22–3–2–13 and its language forbidding an injured employee from suing another person *if* such action creates a legal liability in the employer to pay damages. Under Ind.Code 34–4–16.5–5 of the Tort Act,

"... the governmental entity shall pay any judgment, compromise, or settlement of a claim or suit against an employee when the act or omission causing the loss is within the scope of his employment, regardless of whether the employee can or cannot be held personally liable for the loss...."

As we have already said, Kirk's employer is the State of Indiana. Therefore, any judgment against Kirk for a loss arising out of his employment would create a legal liability in the State to pay the damages, which is contrary to Ind.Code 22–3–2–13. Thus, Coffman's sole and exclusive remedy is under the Workmen's Compensation Act, and his civil action against the State is barred.

Judgment reversed.

ROBERTSON, P.J., and RATLIFF, J., concur.