**COLORADO STATE, AURARIA HIGHER EDUCATION CENTER, Petitioner,**

v.

**Chris J. KORIN and The Industrial Claim Appeals Office of the State of Colorado, Respondents.**

No. 93CA1821.

Colorado Court of Appeals, Div. V.

May 5, 1994.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Eric R. Decator, Asst. Atty. Gen., Denver, for petitioner.

No appearance for respondents.

Opinion by Judge HUME.

In this proceeding for unemployment compensation benefits, Auraria Higher Education Center (Auraria) seeks review of the final order of the Industrial Claim Appeals Panel which determined that the employment of claimant, Chris J. Korin, by Auraria while he was enrolled as a student at Metropolitan State College was not excluded from the definition of employment as set forth in § 8–70–131, C.R.S. (1993 Cum.Supp.). We affirm the order awarding claimant the benefits he sought.

Auraria was created by § 23–70–101, et seq., C.R.S. (1988 Repl.Vol. 9) to provide for the coordination of a single campus for Metropolitan State College, the University of Colorado at Denver and the Community College of Denver. The claimant was employed in the game room of the Auraria campus student union and in making identification cards for students at all three institutions. A condition of his employment was that he be enrolled full time as a student at one of the three institutions.

I.

A.

Section 8–70–131(1)(a), C.R.S. (1993 Cum. Supp.) provides in pertinent part:

'Employment' does not include services performed in the employ of a school, college, or university, if such service is performed: (a) By a student who is enrolled and is regularly attending classes at such school, college, or university. . . .

This statute provides an exemption from unemployment taxation, and in applying the predecessor to § 8–70–131(1)(a), our supreme court held that a student employed at the school at which he was enrolled was not eligible for unemployment benefits, *Hyde v. Industrial Commission*, 195 Colo. 67, 576 P.2d 541 (1978), but a student employed elsewhere was entitled to benefits. *Industrial Commission v. Redmond*, 183 Colo. 14, 514 P.2d 623 (1973).

■ In construing an unambiguous statute to determine the intent of the General Assembly, it is improper to go beyond the accepted meaning of the words. *City & County of Denver v. Howard*, 622 P.2d 568 (Colo.1981).

■ Hence, because the statute unambiguously limits the exemption to a student employed by a school and enrolled "at such school," we conclude that the exemption in § 8–70–131 does not cover a student employed by Auraria. Such conclusion necessarily follows from the fact that Auraria is not a school at which a student can be enrolled.

### B.

Auraria seeks to avoid this conclusion by its contention that, for purposes of § 8–70–131, it and Metropolitan State College should be considered the same entity. However, upon considering the statutory scheme creating the Auraria Higher Education Center, we reject this contention.

Section 23–70–101, et seq., C.R.S. (1988 Repl.Vol. 9) established Auraria to provide for the planning, construction, and maintenance of facilities at a multi-institutional center of higher education. Auraria was to provide the land and physical facilities and was empowered to establish a board to maintain and manage the facilities and provide a system of cooperation among the constituent institutions. Section 23–70–101, C.R.S. (1988 Repl.Vol. 9).

The duties of the Auraria board include acquisition and allocation of space among the constituent institutions and the provision of cooperative programs and activities in the physical plant. Section 23–70–104, C.R.S. (1988 Repl.Vol. 9). The general powers of the board include the power to employ such employees as are necessary to carry out the functions and duties of the board. Section 23–70–105, C.R.S. (1988 Repl.Vol. 9). Furthermore, the board has some powers similar to those of the governing boards of state institutions of higher education. Section 23–70–106, C.R.S. (1988 Repl.Vol. 9).

We find in this scheme nothing to support the argument that Auraria and Metropolitan State College should be considered the same entity. There is nothing in this statute which suggests that the General Assembly, in creating the Auraria Higher Education Center, intended it to be synonymous with any of the constituent institutions for any purpose. Rather, this scheme shows that Auraria is a separate entity from Metropolitan State College. Indeed, Metropolitan State College is governed by the Board of Trustees of State Colleges and the Colorado Commission on Higher Education as to its educational functions. *See* § 23–1–102, et seq., C.R.S. (1988 Repl.Vol. 9) and § 23–54–101, et seq., C.R.S. (1993 Cum.Supp.).

### C.

In addition, the factual record before us supports the conclusion that Auraria and Metropolitan State College are separate entities.

■ In reviewing a hearing officer's decision, the Panel's authority is limited. Pursuant to § 8–74–104, C.R.S. (1986 Repl.Vol. 3B), the Panel may modify, affirm, reverse, or set aside a hearing officer's decision based on the evidence in the record. *Federico v. Brannan Sand & Gravel Co.*, 788 P.2d 1268 (Colo.1990). However, findings of evidentiary fact cannot be set aside unless they are contrary to the weight of the evidence. Section 24–4–105(15)(b), C.R.S. (1988 Repl.Vol. 10A). And, evidentiary facts not in the rec-

ord may not be supplied by appellate briefs. *See Laessig v. May D & F,* 157 Colo. 260, 402 P.2d 183 (1965).

In this case, the hearing officer found, based upon the limited evidence offered, that Auraria operates facilities for the three institutions at the center and concluded that Auraria is a separate entity from Metropolitan State College. We agree that the evidentiary facts support this conclusion. *Cf. Prince–Walker v. Industrial Claim Appeals Office,* 870 P.2d 588 (Colo.App.1993) (institution set up to provide administrative services is separate from the religious groups to which it provides services).

## II.

 Auraria also contends that, by virtue of § 8–70–114(1), C.R.S. (1993 Cum.Supp.), it and Metropolitan State College are the same employing unit. Relying on *Giacopelli v. Industrial Commission,* 622 P.2d 111 (Colo. App.1980), and *Teets v. Leach,* 112 Colo. 304, 148 P.2d 365 (1944), it argues that two entities owned and operated by the same interests are a single employing unit. Because § 23–70–102, C.R.S. (1993 Cum.Supp.) establishes that members of the governing boards of the three constituent institutions comprise a two-thirds majority of the nine-member board of Auraria and can thereby control Auraria, it argues that Auraria and Metropolitan State College are owned and operated by the same interests.

It is true that the three constituent colleges collectively are represented by six voting members who are the chief executive officer and one appointee each from the Board of Regents of the University of Colorado, the Board of Trustees of the State Colleges in Colorado, and State Board of Community Colleges. We conclude that no single college can have more than two representatives on the Auraria board. Hence, it does not follow that Metropolitan State College exercises statutory or *de facto* control over hiring decisions made by the Auraria board. *See* § 23–70–102.

We also reject the additional argument that § 8–70–114(1), C.R.S. (1993 Cum.Supp.) requires a determination that Auraria and Metropolitan State College are a single employing unit. *Compare Giacopelli v. Industrial Commission, supra* (applying § 8–70–103(9), C.R.S. (1986 Repl.Vol. 3B)) *with* § 8–70–114(1), C.R.S. (1993 Cum.Supp.).

Here, there is no evidence that Auraria acts as an agent subject to ownership or control of any of the three constituent institutions of higher education. Indeed, under § 23–70–101, et seq., Auraria is an independent governmental agency that has exclusive authority over campus facilities for the three colleges. The only authority accorded to the constituent colleges over Auraria campus facilities is by contract with the Auraria board. *See* § 23–70–103(4), C.R.S. (1993 Cum.Supp.). Nothing in the record suggests that Metropolitan State College has contracted with Auraria to limit Auraria's exclusive control over campus facilities or hiring decisions.

The order is affirmed.

RULAND and CASEBOLT, JJ., concur.