Alonzo **RODRIGUEZ**, Plaintiff–Appellant,

v.

**BOARD OF DIRECTORS OF the AURA-
RIA HIGHER EDUCATION CEN-
TER, Defendant–Appellee.**

No. 95CA0293.

Colorado Court of Appeals,
Div. V.

April 18, 1996.

Turner and Meiklejohn, P.C., Scott A.
Meiklejohn, Robert W. Turner, Denver, for
Plaintiff–Appellant.

Wood, Ris & Hames, P.C., F. Michael Lud-
wig, Mary E. Gibbons, Mary E. Kanan, Den-
ver, for Defendant–Appellee.

Opinion by Judge ROTHENBERG.

In this slip and fall case, plaintiff, Alonzo
Rodriguez, appeals the summary judgment
entered in favor of defendant, the Board of
Directors of the Auraria Higher Education
Center (Auraria Board). We affirm.

Rodriguez is the director of admissions at
Metropolitan State College of Denver (Metro
State). In October of 1991, he slipped and
fell in a puddle of water which had collected

---

* Sitting by assignment of the Chief Justice under
provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1995 Cum.Supp.).

in a restroom near his office in the Auraria Center. The State of Colorado has one workers' compensation policy with the Colorado Compensation Insurance Authority (CCIA) which provides coverage for all employees in the service of the state. Because Metro State is a state agency, CCIA as insurer paid Rodriguez workers' compensation benefits of about $8,000.

In March of 1992, Rodriguez filed this personal injury action against the Auraria Board. He alleged that an unnamed custodial employee of the Auraria Higher Education Center (Auraria Center), hired by the Auraria Board, was negligent for failing to mop up the puddle of water in which he slipped.

The Auraria Center is not a college or university. It is a state agency formed to provide joint facilities for three college campuses in downtown Denver: the University of Colorado at Denver, the Community College of Denver, and Metro State. Section 23–70–101, et seq., C.R.S. (1988 Repl.Vol. 9); *see Colorado State v. Korin*, 876 P.2d 103 (Colo.App.1994). Although Rodriguez was directly employed by Metro State, the building in which he worked, and suffered his slip and fall, was maintained by the Auraria Center.

The Auraria Board moved for summary judgment based on the exclusivity provision of the Workers' Compensation Act, § 8–41–102, C.R.S. (1995 Cum.Supp.) (an employer complying with the Workers' Compensation Act shall not be subject to further liability for personal injury to an employee). The Auraria Board asserted that, since both the Auraria Center and Metro State are state agencies, Rodriguez and the custodian were in the same employ. And, since CCIA had already paid Rodriguez's workers' compensation claim on behalf of the state, Rodriguez could not sue the state in tort or subject the state to any further liability.

Rodriguez argued that he was not barred by the co-employee rule and could sue the third-party tortfeasor for negligence based upon § 8–41–203(1), C.R.S. (1995 Cum. Supp.). That section provides that if an employee who receives workers' compensation benefits from his employer is injured by "the negligence or wrong of another not in the same employ," the injured employee is not prohibited from asserting claims against the third party tortfeasor.

The trial court entered summary judgment in favor of the Auraria Board.

Rodriguez contends the trial court erred in concluding that for purposes of workers' compensation, he and the custodian both were "in the same employ," that is, they both work for the State of Colorado, and not for separate employers. We are not persuaded.

█ In reviewing the propriety of a summary judgment, we must determine whether the moving party has made a clear showing that there are no disputed issues of material fact and was entitled to judgment as a matter of law. *Knappenberger v. Shea*, 874 P.2d 498 (Colo.App.1994).

A.

█ Citing extensively to the statutes creating Metro State and the Auraria Center as separate political subdivisions of the state, Rodriguez first argues that each subdivision is a juridical body in its own right. However, even if this is true, it does not answer the Auraria Board's contention that, for purposes of workers' compensation, all employees of separate state agencies are treated as employees of the same employer, namely, the State of Colorado.

The Auraria Board supported its legal argument with an uncontradicted affidavit. *See Meyer v. Schwartz*, 638 P.2d 821 (Colo. App.1981) (summary judgment is proper if affidavit establishing right thereto is uncontradicted by opposing party). This affidavit from the Division of Risk Management's Loss Control/Program Administrator for the state workers' compensation program verified that: (1) all state agencies are covered under one workers' compensation policy with CCIA; (2) for workers' compensation purposes, all state agency employees are treated as working for the State of Colorado; and (3) any judgment Rodriguez might receive would be paid for out of the same state fund which the state uses to pay its workers' compensation premiums. The Auraria Board thus established that the state, which had already

paid Rodriguez's workers' compensation benefits, would be subject to further liability for any judgment Rodriguez might obtain in his negligence suit, contrary to the provisions of the Workers' Compensation Act.

The Auraria Board also cited to persuasive authority from other jurisdictions barring suits by one state employee against another under analogous circumstances. *See State v. Coffman,* 446 N.E.2d 611 (Ind.App.1983) (because of exclusivity of workers' compensation statute, state highway worker who received workers' compensation benefits after collision with state trooper could not sue state in tort); *Linden v. Solomacha,* 232 N.J.Super. 29, 556 A.2d 346 (1989) (state trooper could not sue state treasury department employee or state in tort after receiving workers' compensation benefits); *Egeland v. State,* 408 N.W.2d 848 (Minn.1987) (county judge could not sue state department of transportation or its employee in tort). *But see Roberts v. Sewerage and Water Board,* 634 So.2d 341 (La.1994) (city sewerage and water board was third party for workers' compensation purposes, and could be sued by city police officer). We agree with and adopt the reasoning of *State v. Coffman, supra,* and similar cases that have barred actions such as the one brought by Rodriguez.

Thus, summary judgment was properly entered for the Auraria Board.

## B.

Rodriguez, however, contends that *Colorado State v. Korin, supra,* requires a different result. We disagree.

In *Korin,* a Metro State student claimed unemployment compensation benefits when he lost his job at the game room at the Auraria Center's student union. The relevant unemployment compensation statute exempted schools, colleges, or universities who employed their own enrolled students from having to pay the students unemployment compensation benefits. *See* § 8–70–131(1)(a), C.R.S. (1995 Cum.Supp.). On appeal of the denial of benefits, a division of this court held that the claimant worked for the Center, not Metro State, and that, since the Center was not a school, college, or uni-versity, the statute did not apply. *Colorado State v. Korin, supra.*

Thus, *Korin* stands for the proposition that, for purposes of a particular unemployment compensation statute, Metro State and the Auraria Center are distinct entities; Metro State is a college while the Auraria Center is not. However, because that functional distinction is irrelevant here, *Korin* is distinguishable.

Here, under the relevant workers' compensation statute, all state agencies are considered a single employer and all persons in the service of the state are employees. Sections 8–40–203(1)(a) and 8–40–202(1)(a)(I)(A), C.R.S. (1995 Cum.Supp.). As the affidavit before the trial court established, for purposes of workers' compensation benefits, all workers in service of the state are treated as state employees, not as employees of separate state entities. Hence, Rodriguez's reliance on *Korin* is misplaced.

## C.

■ As another alternative means of avoiding the implications of the exclusivity provision of the workers' compensation statute, Rodriguez advances the dual capacity theory, asserting that even if the custodian is a state employee like himself, the custodian nevertheless owed him an independent duty of care. We are not persuaded that the dual capacity theory has relevance here.

In *Wright v. District Court,* 661 P.2d 1167 (Colo.1983), an employee of the Coors Brewing Company was treated by a company employed doctor for a work-related injury and later sued the doctor for medical malpractice. The doctor asserted that the employee's claim was barred by the workers' compensation rule which immunizes employees from suits by their co-employees for negligence within the course of employment. The supreme court rejected his argument and held that the doctor, a company physician, was acting in the dual capacities of co-employee and physician. As such, he owed an independent duty of care to his patients, even when those patients were co-employees.

However, in giving vitality to this dual capacity theory, the court emphasized that

Coors was not required to hire its own doctors. Further, it noted that the risk of medical malpractice was not the sort of risk an employee ordinarily is exposed to in the course of employment, nor one which the General Assembly intended to include exclusively within the workers' compensation scheme. In this regard, the court stated:

> [T]he workers' compensation law provides employers with an economic incentive to deter future accidents by careful job training, supervision, and organization of the workplace. But because a company lacks significant control over the professional acts and exercise of judgment by a company physician, extending co-employee immunity to the physician carries little deterrent effect against the company. Most importantly, co-employee immunity removes almost all deterrence to negligence by the company physician who, alone among doctors, would be invulnerable to malpractice actions.

*Wright v. District Court, supra,* 661 P.2d at 1171.

The dual capacity theory elucidated in *Wright* has not been expanded beyond the context of malpractice by a company-employed physician. *See Shaw v. City of Colorado Springs,* 683 P.2d 385 (Colo.App.1984) (refusing to find dual capacity liability where city worker was run over by a city truck).

Other jurisdictions which have recognized the dual capacity theory for company doctors also have refused to apply the theory to the state as a landowner. The reason for limiting the doctrine was summarized by the California Supreme Court:

> A substantial portion of work-related injuries are caused, or plausibly can be alleged to be caused, by a dangerous condition of the place of employment. If the dual capacity doctrine were to be construed so broadly as to create premises liability in every such instance, little would be left to which exclusivity of remedy could attach.
>
> . . . .
>
> The government's obligation to provide safe premises flows both to the public and to employees working in the building, but this does not mean that it has assumed a

separate role towards its employees as a landowner which renders it liable to civil suit.

*Jones v. Kaiser Industries Corp.,* 43 Cal.3d 552, 561, 237 Cal.Rptr. 568, 574, 737 P.2d 771, 777 (1987). *Accord Egeland v. State, supra.*

We thus reject Rodriguez's contention that the dual capacity theory applies to his slip and fall injury.

In summary, Rodriguez suffered a workplace injury for which workers' compensation is the exclusive remedy and, since Rodriguez already has received workers' compensation benefits from the state, he now is statutorily barred by § 8–41–102 from subjecting the state to further potential liability arising from that injury.

The judgment is affirmed.

TAUBMAN and CASEBOLT, JJ., concur.