Pamela J. DEWHURST, Petitioner,

v.

**INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and Wal–Mart Associates, Inc., Respondents.**

**No. 06CA0118.**

Colorado Court of Appeals,
Div. V.

Sept. 7, 2006.

Pamela J. Dewhurst, Pro Se.

John W. Suthers, Attorney General, Mark N. McMullen, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office of the State of Colorado.

No Appearance for Respondent Wal–Mart Associates, Inc.

Opinion by Judge WEBB.

Petitioner, Pamela J. Dewhurst, seeks review of the final order of the Industrial Claim Appeals Office (Panel) that upheld a hearing officer's decision disqualifying her from receiving unemployment benefits attributable to her employment in Montana. We set aside the Panel's order and remand for further proceedings.

The pertinent facts are undisputed. Claimant worked as a photo lab specialist for Wal–Mart Associates, Inc. (employer) in Montana. She requested a transfer to Colorado. Employer granted the request in December 2004, and she began working for employer in Colorado.

In August 2005, employer discharged claimant. The Division awarded claimant unemployment benefits arising from that discharge based on a determination that she was not at fault for the separation. However, in a subsequent decision, a hearing officer concluded that the amount of claimant's benefits could not be calculated based on wages attributable to claimant's work for employer in Montana.

The hearing officer determined that, although claimant and employer both considered claimant's change in stores to be a transfer, "for purposes of the [unemployment statutes] the claimant must be considered to have quit her job in Montana to move to Colorado." The hearing officer further determined that "claimant's employment with the employer in two different states is considered to be two separate periods of employment and two separate employers." Based on these determinations and the fact that claimant requested the transfer, the hearing officer disqualified claimant from receiving benefits associated with the Montana-based employment under § 8–73–108(5)(e)(IV), C.R.S.2005 (quitting to move to another area as a matter of personal preference).

Claimant appealed to the Panel, arguing that the transfer did not constitute a separation from employer and that the work for employer in Montana should have been considered in determining her benefit amount. The Panel disagreed and affirmed the hearing officer's decision.

Claimant contends the hearing officer and the Panel erred by treating her transfer as a separation from employment and her tenure with employer as separate periods of employment with different employers. We agree.

I.

■ The Panel concluded that claimant's interstate transfer resulted in her being employed by two different "employing units." In reaching that conclusion, the Panel relied primarily on § 8–70–114(1), C.R.S.2005, which provides in pertinent part:

"Employing unit" means any ... corporation ... who employs one or more individuals performing services within this state. All individuals performing services within this state for any employing unit that maintains two or more separate establishments within this state shall be deemed to be employed by a single employing unit for all the purposes of articles 70 to 82 of this title.

Based on this provision, the Panel concluded that "by implication" an employee who is transferred from one state to another within the same organization is not considered to be employed by the same employing unit once the transfer occurs. We disagree.

Section 8–70–114(1) merely defines an employing unit for purposes of determining benefits for those working in Colorado and describes one situation in which such a worker will be deemed to have been employed by a single employing unit. It neither describes the sole or exclusive circumstances in which a single employing unit may exist nor addresses interstate employment transfers within the same company.

The Panel also relied on § 8–70–117, C.R.S.2005, to support its conclusion that claimant's transfer created two separate employers, two distinct periods of employment, or both. But that section defines the term "employment" as applying if the entire service of an employee is performed either in Colorado or both outside and in Colorado if the service is "localized" in Colorado, among other circumstances. It does not address employees who transfer from a company facility outside of Colorado to another facility of that company in this state.

Thus, the statutes on which the Panel relied neither involve claimant's circumstances nor support its conclusion that claimant's transfer from Montana to Colorado resulted in a separation from employer and two distinct periods of employment. Moreover, treating an interstate transfer within the same company as a separation from employment ignores both the practicalities of such a transfer and traditional concepts of what constitutes a separation for purposes of unemployment compensation benefits, such as quitting, resigning, being laid off, or being discharged.

Accordingly, we conclude that the hearing officer and the Panel erred in treating claimant's interstate transfer as a separation from this employer and this employment. Hence, we further conclude that the hearing officer and the Panel erred in entering a disqualification under § 8–73–108(5)(e)(IV).

## II.

■ The Panel acknowledges in its answer brief that claimant "filed a combined unemployment insurance benefits claim ... based upon her tenure in positions in Montana and Colorado." Under these circumstances, we conclude that the Division should have considered claimant's wages earned in Montana insofar as they fell within the applicable base period for calculating benefits. *See* § 8–70–103(2), C.R.S.2005 (defining "base period" as the first four of the last five completed calendar quarters immediately preceding the first day of the employee's benefit year).

Both Colorado and federal statutes and regulations provide a comprehensive scheme for administering such interstate unemployment compensation benefits claims. *See* Federal Unemployment Tax Act (FUTA), 26 U.S.C. § 3301, et seq.; 20 C.F.R. § 616.1, et seq.; § 8–72–110(2), C.R.S.2005; Dep't of Labor & Employment Reg. § 13. 1, et seq., 7 Code Colo. Regs. 1101–2 (part XIII, payment of benefits to interstate claimants).

This framework establishes applicable procedures when a claimant has been employed in two or more states before filing a claim for unemployment benefits. If a claimant works in several different states, the wages from those states may be combined to determine monetary eligibility using the base period of a single state. *See* Mark D. Esterle, *Interstate Claims: Their History and Their Challenges,* 29 U. Mich. J.L. Reform 485 (Fall 1995 & Winter 1996).

Colorado regulations provide that unemployed workers with covered employment wages in more than one state may combine all such employment and wages in one state, in order to qualify for benefits or to receive more benefits. *See* Dep't of Labor & Employment Reg. § 13.2.2; *see also City & County of Denver v. Indus. Comm'n,* 712 P.2d 1110 (Colo.App.1985)(stated purpose of the interstate arrangement is to facilitate the filing of combined wage claims in order to allow unemployed workers to qualify for benefits or to receive more benefits).

State and federal regulations also provide that if two states are involved in an interstate claim for unemployment compensation bene-

fits, the state that initiates a transfer of an employee's employment and wages to a second state is called the transferring state, while the receiving state, which determines eligibility for unemployment compensation benefits, is called the paying state. *See* 20 C.F.R. §§ 616.6, 616.8; Dep't of Labor & Employment Reg. §§ 13.2.7.5 (paying state), 13.2.7.6 (transferring state). Concerning the question of entitlement, the claim is then adjudicated under the substantive laws of the paying state. *See* 20 C.F.R. § 616.8; Dep't of Labor & Employment Reg. § 13.2.9.1.

Here, Colorado, as the paying state, has already determined that claimant was entitled to an award of benefits resulting from her August 2005 separation from employer. However, because she filed a combined wage claim, the Division, in calculating the amount of benefits, should have included any base period wage credits attributable to claimant's work for employer in the transferring state, Montana.

The Panel's order is set aside, and the case is remanded to the Division for recalculation of claimant's benefit amount, which shall include any wage credits during the claim's base period attributable to her work for employer in Montana.

Judge DAILEY and Judge BERNARD concur.