24CA0135 Board of Nursing v Trujillo 10-03-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0135
Colorado State Board of Nursing Case No. 20228640

---

State Board of Nursing, State of Colorado,

Petitioner-Appellee,

v.

Latisha C. Trujillo, RN, License No. RN-1653574,

Respondent-Appellant.

---

APPEAL DISMISSED

Division VII
Opinion by JUDGE TOW
Pawar and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 3, 2024

---

Phillip J. Weiser, Attorney General, Wesley Parks, Assistant Attorney General, Denver, Colorado, for Petitioner-Appellee

Germer Beaman & Brown, Franklin Hopkins, Austin, Texas, for Respondent-Appellant

¶ 1     Respondent, Latisha C. Trujillo, appeals the revocation of her nursing license, contending that petitioner, the State Board of Nursing for the State of Colorado (the Board), denied her due process. Because we lack jurisdiction, we dismiss the appeal.

## I.     Background

¶ 2     After Trujillo was charged with driving under the influence, the Board ordered her to undergo an evaluation through the Board's peer assistance services program. The evaluator concluded that Trujillo was only safe to practice if she underwent treatment and monitoring.

¶ 3     Trujillo agreed to undergo regular urinalysis testing, call a drug test management system daily, and provide various status reports to keep her nursing license (the treatment agreement). Trujillo also agreed that violating the treatment agreement would constitute grounds for further discipline.

¶ 4     Eventually, Trujillo's urinalysis tests came back positive for alcohol and unprescribed Clonazepam. She also began missing scheduled urinalysis tests and failed to comply with her other reporting requirements. The Board suspended Trujillo's license and offered to extend the treatment agreement by two years. Trujillo,

however, never signed the extension and ceased communication with the Board.

¶ 5     The Board then sent a letter, by first-class mail, and an email to Trujillo informing her that a complaint had been filed against her privilege to practice nursing.  The correspondence also contained a notice that Trujillo was required to file an answer and set a hearing within thirty days; otherwise her license was subject to termination by default.  Trujillo did not respond, and the Board moved for a default decision from the administrative court.

¶ 6     In an initial decision, the administrative court revoked Trujillo's nursing license.  The Board then mailed Trujillo a procedural order, which said that Trujillo could file exceptions to the initial decision within thirty days and that the failure to file exceptions would waive her right to judicial review.  Trujillo did not file any exceptions, and the Board entered a final order revoking her license.  The final order said that Trujillo could seek judicial review before the court of appeals within forty-nine days after the revocation became effective.  She did so.

## II. Standard of Review

¶ 7 We review de novo whether a court has jurisdiction to review an agency action. *Peabody Sage Creek Mining, LLC v. Colo. Dep't of Pub. Health & Env't*, 2020 COA 127, ¶ 9. We also review de novo whether a defaulting party's due process right was violated by a lack of notice. *Klingsheim v. Cordell*, 2016 CO 18, ¶ 14.

## III. Analysis

¶ 8 "Failure to file the exceptions prescribed in [section 24-4-105(14), C.R.S. 2024,] shall result in a waiver of the right to judicial review of the final order of [an] agency . . . ." § 24-4-105(14)(c). Trujillo did not file exceptions to the Board's final order, and thus she waived her right to judicial review. "Where a statute provides a right of review of an administrative decision, the statute is the exclusive means to secure review," and failure to comply with the statute deprives this court of jurisdiction. *Associated Gov'ts of Nw. Colo. v. Colo. Pub. Utils. Comm'n*, 2012 CO 28, ¶ 8. Because Trujillo did not file exceptions, we lack jurisdiction and must dismiss her appeal.

¶ 9 Trujillo responds that she failed to file exceptions because of the Board's inadequate notice. She contends that her due process

3

rights were violated because she did not have the capacity to receive either the mailed or emailed notice of the proceedings. Specifically, she asserts that she was experiencing domestic abuse, had lost her home and job, and was at a rehabilitation treatment center that completely disconnected her from internet and telephone communications when the notice was sent.

¶ 10    Initially, we note that the facts Trujillo alleges are not contained anywhere in the record, and "evidentiary facts not in the record may not be supplied by appellate briefs." *Colo. State, Auraria Higher Educ. Ctr. v. Korin*, 876 P.2d 103, 105–06 (Colo. App. 1994) (citing *Laessig v. May D & F*, 402 P.2d 183, 185 (Colo. 1965)).

¶ 11    Even assuming, however, that Trujillo's factual assertions are true, the Board provided Trujillo with sufficient notice. "Due process principles are satisfied as long as the notice is reasonably calculated to reach the intended party." *Bd. of Educ. v. Wilder*, 960 P.2d 695, 705 (Colo. 1998). The Board sent notice to Trujillo's home by first-class mail and emailed it to her, both of which are reliable communication methods. Moreover, mailing notice of a license revocation has been held to satisfy due process requirements — even if the intended recipient claims they did not

4

receive the notice — so long as the statutory notice requirements are followed. *Cf. Ault v. Dep't of Revenue*, 697 P.2d 24, 28 (Colo. 1985) (holding notice by certified mail under section 42-2-117(2), C.R.S. 1984, met due process requirements). The State Administrative Procedure Act (APA), section 24-4-105(2)(a), (16)(a), requires notice to be sent "by first-class mail to the last address furnished the agency by such party," which, here, the Board did.

¶ 12 Next, Trujillo argues that the Board violated her due process right by providing misleading information about her right to appeal the final order. The final order said Trujillo could appeal within forty-nine days of the final order, and Trujillo claims that it is a gross injustice for the final order to state this if her rights to appeal had already been extinguished.

¶ 13 However, Trujillo had been told that she was required to file exceptions in the Board's procedural order. Moreover, the APA states that filing exceptions is necessary for judicial review. § 24-4-105(14)(c). And our supreme court has established that this is a jurisdictional requirement. *Colo. Pub. Utils. Comm'n*, ¶ 8. There was thus plenty of information provided to Trujillo informing her that exceptions had to be filed to seek judicial review of her nursing

license's revocation. *Id.* Even if this information was confusing, Trujillo provides us with no authority, and we are aware of none, holding that a due process violation occurs when navigating administrative law is confusing.

¶ 14 Trujillo also responds that she did not receive the procedural order, but this response repeats the due process arguments that we have already considered. Accordingly, we reject it.

## IV. Disposition

¶ 15 The appeal is dismissed.

JUDGE PAWAR and JUDGE SCHUTZ concur.